UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN COPELAND, on behalf of himself and
those similiarly situated,

            Plaintiff,

-vs-                                      Case No.  2:07-cv-494-FtM-34SPC

PINNACLE POOL CONSTRUCTION, INC., a
Florida Corporation,

            Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff Brian Copeland and the Defendant Pinnacle Pool Construction, Inc.'s Joint Motion for Court Approval of Settlement  (Doc. #37 ) filed on January 28, 2008.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."

      In the Joint Motion for Approval submitted by the Parties (Doc. # 37), the Parties provide that the Defendants will pay 100% of the Plaintiff's agreed upon settlement sum plus attorney's fees and costs.  The Plaintiff Brian Copeland has agreed that the settlement figure of $6,000.00 less applicable

taxes and withholdings in lost unpaid wages will settle his claim. The Plaintiff Brian Olszowy agrees that $8,000.00 less applicable taxes and withholdings in lost unpaid wages will settle his claim. Regarding attorney's fees and costs, the Parties have agreed that $11,000.00 in attorney's fees and cost is reasonable and fair.

Upon review of the settlement agreement, the Court concludes the settlement was entered into knowingly and voluntarily, after the Plaintiffs had the opportunity to fully discuss it with an attorney. All parties are in accord with the agreement and have demonstrated their consent by signing the proposed settlement agreement. Therefore, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now **RESPECTFULLY RECOMMENDED:**

The Plaintiff Brian Copeland and the Defendant Pinnacle Pool Construction, Inc.'s Joint Motion for Court Approval of Settlement (Doc. #37 ) filed on January 28, 2008, should be **GRANTED**, and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this ___12th___ day of February, 2008.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record